UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER EUGENE GRESHAM, | No. CV 12-1363 DDP (FFM) |
| Petitioner, | ORDER DISMISSING PETITION |
| v. | |
| PHILIP GUTTIERREZ, Warden, | |
| Respondent. | |

Petitioner is a federal inmate, currently incarcerated at the federal correctional institution in Adelanto, California. On February 16, 2012, he filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), ostensibly pursuant to 28 U.S.C. § 2241.

It appears from the face of the Petition and accompanying papers that petitioner's current incarceration stems from concurrent sentences of 120 months and 327 months imposed on August 30, 1996 in the Northern District of Texas. It further appears from the face of the Petition that petitioner has sought relief under 28 U.S.C. § 2255, although it is unclear whether petitioner previously raised the precise claims raised here.

The Court's records reveal that petitioner has filed two prior petitions ostensibly pursuant to 28 U.S.C. § 2241 with respect to the same conviction and sentence challenged here. In the first such petition, filed July 13, 2007, petitioner contended

that (1) his sentence improperly included an enhancement pursuant to the Armed Career Criminal Act; (2) that his sentence was improperly enhanced for a prior incarceration, when plaintiff previously had not been incarcerated; (3) that his sentence improperly took into account a prior conviction, although the conviction did not become final until after the sentence was imposed; and (4) two prior convictions were part of a common scheme or plan and should have been considered related for purposes of determining sentence enhancements.  That petition was dismissed on February 12, 2009 for lack of jurisdiction.  The Court found that petitioner's petition pursuant to 28 U.S.C. § 2241 was prohibited by the provisions of 28 U.S.C. § 2255.  The Ninth Circuit Court of Appeal denied petitioner's motion to proceed on appeal *in forma pauperis* because the appeal appeared to be frivolous.  The Ninth Circuit subsequently dismissed petitioner's appeal.

      In the second petition pursuant to 28 U.S.C. § 2241, filed August 25, 2010, petitioner contended that (1) his trial counsel rendered ineffective assistance by failing to provide him with a copy of the presentence report prior to sentencing; and (2) his sentence had been improperly enhanced for a prior criminal conviction for which he had not been incarcerated.  That petition was dismissed on March 30, 2011, again for lack of jurisdiction pursuant to 28 U.S.C. § 2255.  Petitioner did not appeal the dismissal of the second petition.

      The instant Petition contains three claims.  The first two claims are identical to the claims asserted in the second petition.  The third claim challenges the New Mexico burglary conviction that apparently had been used to enhance his sentence.

      Under 28 U.S.C. § 2255:

> "A prisoner in custody under sentence of a court establish by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentences, or that the

2

|   |   |
|---|---|
| 1 | sentence was in excess of the maximum authorized by law, |
| 2 | or is otherwise subject to collateral attack, may move the |
| 3 | court which imposed the sentence to vacate, set aside or |
| 4 | correct the sentence." |

As the Supreme Court observed in *United States v. Addonizio,* 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979), the statute "was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court."

In this regard, § 2255 specifically provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  *See, e.g., Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (affirming the district court's dismissal of a habeas petition collaterally attacking the validity of a conviction on the ground that the petitioner had failed to show § 2255 was an inadequate remedy), *cert. denied.*, 528 U.S. 1178 (2000); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988).

The general rule is that the inability to file a second or successive petition does not in itself make section 2255 "inadequate or ineffective."  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).  Challenges to petitioner's sentence on the grounds asserted herein were available to him on direct appeal and through motion pursuant to 28 U.S.C. § 2255.  Therefore, as in petitioner's prior two petitions with this Court, consideration of the present Petition is not appropriate under the "inadequate or ineffective" escape hatch and the Court has no jurisdiction to consider petitioner's claims.

1  IT IS HEREBY ORDERED that judgment be entered denying the Petition
2 without prejudice for lack of jurisdiction.

4  DATED: March 27, 2012

_____
DEAN D. PREGERSON
United States District Judge

8  Presented by:

10  /S/ FREDERICK F. MUMM
11  FREDERICK F. MUMM
United States Magistrate Judge